Filed 5/21/25  P. v. Gemberling CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> LYNDA CATHE GEMBERLING, <br><br> Defendant and Appellant. | 2d Crim. No. B337576 <br> (Super. Ct. No. 22CR06896) <br> (Santa Barbara County) |

Lynda Cathe Gemberling appeals after she was convicted by jury of obtaining aid by misrepresentation in excess of $950 (Welf. & Inst. Code, § 10980, subd. (c)(2), count 1) and perjury by false application for aid (Pen. Code, § 118, subd. (a), counts 3 & 4).  The trial court suspended pronouncement of judgment and granted appellant probation for two years, with 90 days in jail.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues.  On March 4, 2025, we notified appellant by mail that she had 30 days within which to

personally submit any contentions or issues she wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In November 2019, appellant applied for assistance from the California Department of Social Services (DSS), requesting food stamps (CalFresh), cash aid (CalWORKS), and healthcare coverage (Medi-Cal). Appellant stated under penalty of perjury that her gross income was less than $150, her cash on hand was less than $100, her food would run out in less than three days, and she was homeless. She also stated that she was not receiving any child support. DSS approved appellant's application and began providing her with assistance based upon her representations. No referral to Child Support Services (CSS) was made at that time.

In October 2020, appellant completed the recertification process to renew her benefits. The process triggered a mandatory referral to CSS. A social worker with CSS reviewed the court records and learned that a child support order was already in place. DSS conducted an investigation and discovered that appellant had been receiving child support payments in the amount of $593 per month. At trial, a DSS worker who audits cases for fraud testified that appellant was overpaid $7,944 by CalWORKS and $362 by CalFresh.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

3

Pauline Maxwell, Judge

Superior Court County of Santa Barbara

_____

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.